**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **In re** | § | |
| | § | |
| **Animas Well Services, LLC** | § | **Case No. 15-70162-rbk** |
| | § | **(Chapter 11)** |
| **Debtor** | § | |

**RESPONSE OF BASELINE CAPITAL, INC.**
**TO DEBTOR'S EMERGENCY MOTION FOR INTERIM AND FINAL**
**USE OF CASH COLLATERAL**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE

BASELINE CAPITAL, INC., ("Baseline"), creditor and interested party, responds to the Debtor's Emergency Motion for Interim and Final Use of Cash Collateral ("Cash Collateral Motion") and would show the Court as follows:

**Specific Response**

1) Baseline admits the allegations of Paragraph 1.

2) Baseline admits the allegations of Paragraph 2.

3) Baseline admits the allegations of Paragraph 3.

4) Baseline denies that the Debtor's has remained "generally current" on its obligations or that its operations should be characterized as "successful." Baseline denies that the Debtor owns ten rigs. Otherwise, Baseline admits the allegations of Paragraph 4.

5)      Baseline denies that the "demand for Debtor's workover rig services…..actually exceeds the Debtor's current operational capacity." Baseline denies "that [Baseline}, the Debtor's primary lender, has refused to extend the terms of the Debtor's obligations or otherwise restructure the Debtor's primary loan obligations, absent terms and conditions that would in essence cede control over Debtor's operations and management." Baseline denies that the answer to the Debtor's operational and financial issues lies in expansion. Baseline is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5.

6)      No response is required to the allegations of Paragraph 6.

7)      Baseline admits the Debtor has cash and accounts on hand which constitute the cash collateral of Baseline. Baseline is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 7.

8)      Baseline admits that it has an interest in cash collateral in this case. Baseline is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

9)      Baseline is without knowledge or information sufficient to form a belief as to the allegation that the Debtor has no source of funds other that accounts. Baseline admits the remaining allegations of Paragraph 9.

10)      Baseline is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 10.

11)      Baseline admits that the market within which the Debtor operates is "oversaturated." Baseline is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 11.

12)     Baseline denies the allegations of the first sentence of Paragraph 12. No response is required to the remaining allegations of Paragraph 12.

13)     Baseline admits the allegations of Paragraph 13.

14)     Baseline admits the first sentence of Paragraph 14. Baseline denies the remaining allegations of Paragraph 14.

15)     No response is required to the allegations of Paragraph 15.

16)     No response is required to the allegations of Paragraph 16.

17)     Baseline denies the allegations of Paragraph 17.

18)     Baseline denies the allegations of Paragraph 18.

### Further Response

19)     The Debtor owes Baseline approximately $3.8 million.  Repayment of the indebtedness is secured by liens in substantially all of the assets of the debtor including, without limitation, seven workover rigs, two reverse units, and associated equipment, other equipment, accounts, inventory, vehicles, and general intangibles.  The owners of the Debtor have guarantied repayment of the Debtor's obligations to Baseline, with each individual guaranty proportionate to the ownership interest.

20)     The obligations and liens are evidenced by the following documents:

a.     A Promissory Note dated October 11, 2013 in the original principal amount of $680,000.00 executed by Animas Well Services, LLC, as maker, and payable to Baseline Capital, Inc;

b.     a Promissory Note dated October 11, 2013 in the original principal amount of $3,433,195.51 executed by Animas Well Services, LLC, as maker, and payable to Baseline Capital, Inc;

      c.      a Security Agreement dated October 11, 2013;

      d.      a Security Agreement dated April 10, 2012; and

      d.      a Loan Agreement dated October 11, 2013.

21.      The liens and security interests of Baseline in the assets of the Debtor are perfected pursuant to various financing statement and related filings with the Texas Secretary of State described briefly as:

      a.      Financing statement in favor of Citibank Texas, NA, originally filed March 27, 2006, assigned to Baseline Capital on or about April 8, 2011, and continued on November 23, 2010 and December 10, 2015;

      b.      Financing statement in favor of CitiBank Texas, NA, originally filed June 12, 2006 and assigned to Baseline Capital on or about April 8, 2011;

      c.      Financing statement in favor of Baseline Capital filed May 17, 2012.

Baseline also holds an assignment of the liens and perfection of CitiBank, the debtor's former principal lender.

22.      The Debtor's obligations to Baseline matured on or about October 1, 2014.

23.      The stated interest rate on the two Promissory Notes is 10% per annum.

24.      Baseline holds a first lien position in the accounts and general intangibles of the Debtor and substantially all of the personal property of the Debtor. Nations Fund I holds a first lien position with respect to two rigs. Baseline understands that Nations Fund I may assert a priority position with respect to revenues arising from the use of the two rigs against which it holds a first lien position. Baseline has not agreed to a first lien in favor of Nations Fund I with respect to such revenues.

25.     Baseline believes that it is virtually impossible that the Debtor can provide adequate protection for the use of cash collateral because:

a.      the debtor's operations do not evidence a positive EBIDTA;

b.      historically, the debtor's operations slow in the winter months;

c.      the utilization rates of workover rigs it the Permian Basin are exceptionally low; and,

d.      the debtor has not demonstrated that it will generate collectible receivables which exceed the value of whose which are spent through continued operations.

FOR THESE REASONS, Baseline Capital, Inc., requests that the Court deny the Debtor's Motion for Use of Cash Collateral.  Baseline requests general relief.

Dated: December 17, 2015

> BRANSCOMB PC
> 711 Navarro Street, Suite 500
> San Antonio, Texas  78205
> Telephone     210-598-5400
> Telecopier    210-598-5405
> Email         pautry@branscombpc.com
>
>
> BY:     /s/ Patrick H. Autry_____
>         Patrick H. Autry
>         State Bar No. 01447600
>
> ATTORNEYS FOR BASELINE CAPITAL, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing Response was served by first-class mail, postage prepaid, this 17th day of December, 2015 to:

***Counsel for Debtor:***
Jonathan L. Howell
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254

And through the Court's ECF noticing system upon those having entered their appearance in this case.

> /s/ Patrick H. Autry
> Patrick H. Autry