**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | CHAPTER 11 CASE |
| ANIMAS WELL SERVICES, LLC, | CASE NO. 15-70162-RBK |
| Debtor. | |

**STIPULATION AND CONSENT ORDER AMONG NATIONS FUND I, LLC**
**AND DEBTOR ANIMAS WELL SERVICES, LLC**

Nations Fund I, LLC f/k/a Nations Fund I, Inc. ("Nations") and Debtor Animas Well Services, LLC (the "Debtor" and together with Nations, each a "Party" and collectively, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation and Consent Order ("Stipulation") pursuant to which the Parties stipulate and agree as follows:

WHEREAS, the Debtor and Nations desire to amend and modify the terms of their current agreement, referred to herein as the Transaction Documents, and to address the limited objections raised by Nations to the Debtor's requested use of cash collateral. In the event that a final Order of this Court approving this Stipulation is not entered, the Debtor and Nations reserve all of their respective rights as if this Stipulation and the recitals herein had not been made;

WHEREAS, pre-petition, Nations and the Debtor entered into that certain Master Lease Agreement, dated November 15, 2013, as amended and supplemented from time to time by, *inter alia*, those certain Riders and Exhibits (collectively, the "Transaction Documents"), a copy of which are attached to the *Declaration of Saurin Shah*, filed concurrently with, and submitted in support of entry of, this Stipulation (the "Shah Declaration"), whereby Nations agreed to finance certain pieces of equipment, as such is identified in the Transaction Documents (collectively, the "Nations Equipment");

WHEREAS, pre-petition, and as inducement to enter into the Transaction Documents, two (2) unconditional personal guarantees were given in favor of Nations, jointly and severally guaranteeing the Debtor's performance under the Transaction Documents. The guarantees were given by: (i) Kenneth Krisa; and (ii) James Osborne (collectively, the "Guarantors");

WHEREAS, on August 21, 2013, Nations properly and timely filed a UCC-1 Financing Statement (the "Nations Initial UCC") with respect to the Nations Equipment delineated in the Transaction Documents and, specifically, Equipment Schedule No. AWSINT-0001, as well as, *inter alia*, any substitution, replacement, subleases, chattel paper, accounts, and/or other proceeds thereof. A true copy of the Nations Initial UCC is attached to the Shah Declaration;

WHEREAS, on February 21, 2014, Nations properly and timely filed a UCC-1 Financing Statement (the "Nations Subsequent UCC", and together with the Nations Initial UCC, the "Nations UCC Filings") with respect to the Nations Equipment specifically listed on Equipment Schedule No. AWSINT-0002, as well as, *inter alia*, any

substitution, replacement, subleases, chattel paper, accounts, and/or other proceeds thereof. A true copy of the Nations Subsequent UCC is attached to the Shah Declaration;

WHEREAS, the Debtor does not dispute the validity, priority and extent of Nations' liens and the debt owed to Nations, as of the Petition Date, in the amount of $1,459,964.85, and the liens supporting such debt (collectively, "Nations' Claim");[1]

WHEREAS, pre-petition, the Debtor defaulted under the Transaction Documents by, *inter alia*, failing to make the monthly payments due under the Transaction Documents;

WHEREAS, as of November 1, 2015, the Debtor's monthly payments due to Nations under the Transaction Documents totaled $12,000 (each a "Monthly Payment") and were paid in arrears;

WHEREAS, on November 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on November 8, 2015, the Debtor filed its *Emergency Motion for Interim and Final Usage of Cash Collateral* [Docket No. 8] (the "Emergency Cash Collateral Motion") and the Court conducted an interim hearing on, *inter alia*, the Emergency Cash Collateral Motion on December 2, 2015 ("Interim Hearing");

WHEREAS, at the Interim Hearing, Nations raised several objections to the relief requested by the Debtor in the Emergency Cash Collateral Motion and the Court scheduled a final hearing for December 21, 2015, on, *inter alia*, the requested relief;

---

[1] This amount consists of all amounts owed under the Transaction Documents, inclusive of fees, costs, expenses and interest through the Petition Date. Such amount is fully expected to increase post-petition.

NOW, THEREFORE, for good cause shown, IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Validity of Nations' Liens</u>.

    (a) The Parties agree that Nations' liens and claims with respect to the Nations Equipment are valid and properly perfected, with respect to the Nations Equipment and are not otherwise subject to challenge as to validity by either the Debtor or its Estate with respect to the Nations Equipment.

    (b) The Debtor agrees that neither it nor its estate or any representative thereof, nor any successor in interest or subsequent Trustee, shall challenge, or cause, induce or support, a challenge of the validity or enforceability of Nations' liens in the Nations Equipment, in this Court or any other court.

2. <u>Transaction Documents</u>. The Parties agree that the Transaction Documents are valid and fully enforceable and that this Stipulation is not intended to amend or otherwise alter the Transaction Documents, except as follows:

    (a) <u>Monthly Payments</u>. Upon entry of a final Order approving this Stipulation, the Transaction Documents shall be amended as follows:

    (i) The Monthly Payment due December 1, 2015, totaling $12,000, shall be made on or before December 22, 2015 (time being of the essence, and no grace period is applicable to this payment);

    (ii) Commencing January 2016, and continuing for each successive month thereafter, each Monthly Payment is to be received on or before the 10th calendar day of each month;

    (iii) Commencing with the Monthly Payment due on January 10, 2016, and for each of the three (3) consecutive months thereafter (and concluding with the Monthly Payment due on April 10, 2016), each Monthly Payment shall be $12,000 during that time;

      (iv)    Commencing with the Monthly Payment due on May 10, 2016 and for each of the eight (8) consecutive months thereafter (and concluding with the Monthly Payment due on January 10, 2017), the Monthly Payment shall be $17,600 during that time;

      (v)    Commencing with the Monthly Payment due on February 10, 2017 and for each of the seventy (70) consecutive months thereafter (and concluding with the Monthly Payment due on December 10, 2022), each Monthly Payment shall be $27,000 during that time;

      (vi)    The Debtor shall pay to Nations $400,000 on December 10, 2022, the eighty-fourth (84th) consecutive month after the date hereof, which shall be the full and final satisfaction of the Debtor's Monthly Payment obligations under the Transaction Documents;

      (vii)    Notwithstanding the foregoing, nothing in this Stipulation is intended to eliminate, modify, reduce or otherwise change the Debtor's non-Monthly Payment obligations under the Transaction Documents, which obligations shall continue and are not in any way modified by this Stipulation.

(b)    <u>Untimely Monthly Payments</u>

      (i)    With the exception of the Monthly Payment due on December 22, 2015,[2] all Monthly Payments must be received by Nations on or before the 10th calendar day of each month.

      (ii)    In the event a Monthly Payment is not timely made in accordance with this Stipulation, Nations shall thereafter be entitled to issue a default notice to the Debtor and its counsel, both *via* e-mail (the "<u>Default Notice</u>"), without leave or permission from the Court. To the extent no Monthly Payment is received by the 10th calendar day after the Default Notice is received (receipt for purposes of this Stipulation is defined as the date of the e-mailed Default Notice), the Monthly Payment shall be deemed a "<u>Late Payment</u>".

(c)    <u>Stay Relief</u>

      (i)    During the pendency of the Debtor's bankruptcy case, Nations shall be entitled, upon filing with this Court a declaration that a Late Payment has occurred and that 10 calendar days' notice was provided and has lapsed, to request and obtain immediate relief from the automatic stay to take immediate possession of each component of Nations'

---

[2] The payment due December 22, 2015, must be received on said date, otherwise the Debtor will be deemed in default of this Stipulation, entitling Nations to immediate relief from the Automatic Stay to take possession of the Nations Equipment.

40000/0629-12617348v1

Equipment, wherever located and to deem the Transaction Documents breached.

(ii) The Debtor and its estate agree that the *only* bases upon which to oppose Nations' requested stay relief shall be that: (x) the Default Notice was not made *via* e-mail; or that (y) the Late Payment was actually timely made prior to the Default Notice or timely made within the 10 calendar days following the issuance of the Default Notice.

(iii) In the event a default occurs after the Debtor's bankruptcy case is closed, Nations shall be entitled to pursue all of its rights and remedies, under the Transaction Documents or otherwise.

(iv) In addition to the foregoing, in the event the Debtor's case is converted to a case under chapter 7, Nations shall be entitled to proceed under Paragraph 2(c)(i) above to obtain immediate relief from the automatic stay to take immediate possession of each component of Nations Equipment, wherever located.

(v) The granting of stay relief during the pendency of the Debtor's chapter 11 case shall expressly survive the conversion or dismissal of the Debtor's bankruptcy case.

3. <u>Plan of Reorganization or Liquidation</u>. Any plan of reorganization or liquidation proposed by the Debtor, or otherwise supported by the Debtor, shall not, in any way, conflict with the terms of this Stipulation. Nations will support a plan of reorganization filed by the Debtor, provided that such plan of reorganization is consistent with this Stipulation and the Debtor's obligations under the Transaction Documents.

4. <u>Cash Collateral Request</u>. Any cash collateral requests, motions or modifications related thereto to the use of cash collateral, shall not, in any way, conflict with the terms of this Stipulation. For each approved budget or Order relating to the Debtor's use of cash collateral, the Debtor shall be required to include the modified Monthly Payments and due dates as set forth above in this Stipulation. Nations will support the Debtor's use of cash collateral, provided such use is consistent with this Stipulation and the Debtor's obligations under the Transaction Documents.

5. <u>Survival</u>. This Stipulation shall survive the conversion of the Debtor's case, the appointment of a trustee in a chapter 7 case, confirmation of a plan of reorganization or liquidation, and dismissal of the Debtor's bankruptcy case.

6. <u>Claims Against Nations.</u> In exchange for Nations' agreements herein, and upon the Court's entry of an Order approving and so-ordering this Stipulation that becomes final, the Debtor, and any past, present or future affiliates, divisions, partners, parents, subsidiaries, officers, directors, agents, entities, companies, advisors, attorneys, predecessors, trusts, legal representatives, principals, members, managers, employees, assigns and successors (by law or agreement, including a trustee appointed under the Bankruptcy Code, or an examiner with expanded powers or trustee appointed under any confirmed plan for the Debtor), and its estate and each estate, hereby agree that none of them shall: (i) challenge, or cause, induce or support, a challenge of the validity of, enforceability of the Transaction Documents or liens related thereto, in this Court or any other court; or (ii) assert, or cause, induce or support an assertion of any claims against Nations under chapter 5 of the Bankruptcy Code, all of which are expressly waived.

7. <u>Nations' Claim</u>.

(a) <u>No Waiver.</u> In no event shall Nations waive any of its rights and/or claims against the Debtor or any of the Guarantors, except to the extent that all Monthly Payments under this Stipulation are made, all non-Monthly Payments are made, and the Debtor and its representatives otherwise comply fully with the terms of this Stipulation.

(b) <u>Continued Assertion of Claims.</u> Nations is expressly authorized to: (i) proceed as permitted under this Stipulation following an event of default under

the Transaction Documents; (ii) to continue prosecuting Nations' Claim against the Debtor, its estate and/or the Guarantors; (iii) assert any additional claims against the Debtor, its estate, the Guarantors and/or any third-parties, for any and all amounts due under the Transaction Documents or otherwise permitted under applicable state or federal law.

8. <u>Inspection Rights</u>.[3] Nations shall have the right, upon 5 calendar days' e-mail notice to the Debtor and the Debtor's undersigned counsel, to physically inspect and/or inventory any and all pieces of Nations Equipment, wherever located. Following Nations' e-mail notice of inspection, the Debtor shall, within 24-hours, contact all property owners/site managers at any third-party locations where Nations Equipment may be located to ensure that Nations has commercially reasonable access and the right to enter upon such third-party's property to perform the inspection. To the extent the Debtor fails to obtain permission to enter upon a third-party's property to perform the inspection, the Debtor shall provide Nations with a reasonable alternative date. Should the Debtor fail to provide Nations with a reasonable alternative date, Nations is permitted to obtain an emergency hearing, which may be conducted telephonically with the Court or within any Division within this District to specifically address the issue of Nations' right to conduct the inspection. Nations shall hold harmless and indemnify the Debtor and its customers from any and all damage that is caused by Nations' inspection.

9. <u>Reservation of Rights.</u> By entering into this Stipulation, Nations does not waive any of its rights and remedies under the Transaction Documents, any guaranty agreements, or under state or federal law, all of which are expressly preserved.

---

[3] With respect to this Stipulation, Nations shall be entitled to designate an agent(s) or representative(s), in its sole and exclusive discretion, to carry out all of Nations' rights in this Stipulation.

10. <u>Authority to Enter Stipulation.</u> Each undersigned Party acknowledges and agrees to this Stipulation and the applicable provisions, represents and warrants that such party has full power and authority to enter into this Stipulation (in the case of the Debtor, subject to Court approval), and each undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client. In addition to the foregoing, Nations represents and warrants that it has full authority to sell all right, title, and interest to Nations Equipment.

11. <u>Counterparts.</u> This Stipulation may be executed simultaneously or in one or more counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument. A facsimile or email copy of a signature page is the equivalent of an original signature page.

12. <u>Amendment.</u> This Stipulation may not be amended without the Parties' prior written consent.

13. <u>Jurisdiction.</u> The Court shall retain exclusive jurisdiction to hear and determine all matters or disputes arising from or relating to the interpretation and/or enforcement of this Stipulation. This provision shall expressly survive conversion of the Debtor's chapter 11 case, appointment of a trustee/examiner in the Debtor's chapter 11 case, or dismissal of the Debtor's chapter 11 case. In the event of a dismissal or conversion, this Court will nonetheless retain jurisdiction and authority to enforce this Stipulation.

14. <u>Effectiveness and Enforceability of this Stipulation.</u> The Parties expressly agree and acknowledge that this Stipulation is subject to the Court's approval and absent the Court's entry of an Order approving this Stipulation, and such Order becoming a

final, non-appealable Order, this Stipulation shall have no force and effect and shall not otherwise bind or obligate the Parties. The Parties further agree that no subsequent Order of this Court, or approval of any plan, shall modify the terms of this Stipulation, except as agreed to in writing by Nations and the Debtor.

**AGREED TO AS TO FORM AND CONTENT:**

| | |
|---|---|
| **GLAST, PHILLIPS & MURRAY**<br>*Proposed Attorneys for Debtor Animas Well Services, LLC* | **COLE SCHOTZ PC,**<br>*Attorneys for Nations Fund I, LLC* |
| By: */s/ Jonathan L. Howell*<br>Jonathan L. Howell (TX Bar No. 24053668)<br>14801 Quorum Drive, Suite 500<br>Dallas, TX 75254<br>Tel: (972) 419-8300<br>Fax: (972) 419-8329<br>jhowell@gpm-law.com | By: */s/ Michael D. Warner*<br>Michael D. Warner (TX Bar No. 00792304<br>301 Commerce Street, Suite 1700<br>Fort Worth, TX 76102<br>Tel: (817) 810-5250<br>Fax: (817) 810-5255<br>mwarner@coleschotz.com |
| Dated: December 18, 2015 | Dated: December 18, 2015 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2015, a true and correct copy of the foregoing document has been served upon all parties that are registered to receive electronic service through the court's ECF notice system in the above cases.

/s/ Michael D. Warner
Michael D. Warner

| | |
|---|---|
| **U.S. Trustee**<br>Office of the U.S. Trustee<br>615 E. Houston, Suite 533<br>San Antonio, TX 78205 | **Baseline Capital, Inc.**<br>**c/o Patrick H. Autry**<br>Branscomb PC<br>711 Navarro, Suite 500<br>San Antonio, TX 78205 |
| **Ford Motor Credit Company LLC**<br>**c/o Mark W. Harmon**<br>Boerner, Dennis & Franklin, PLLC<br>PO Box 1738<br>Lubbock, TX 79408 | **Texas Comptroller of public Accounts**<br>**c/o Courtney J. Hull**<br>300 West 15th Street<br>Austin, TX 78701 |
| **Integrity Diesel Services, LLC**<br>**c/o Amber L James**<br>Atkins, Hollmann, Jones, Peacock, Lewis & Lyon<br>3800 E. 42nd Street, Suite 500<br>Odessa, TX 79762 | **Commercial State Bank**<br>**c/o Randall L. Rouse**<br>Lynch Chappell & Alsup<br>The Summit, Ste 700<br>300 N Marienfeld<br>Midland, TX 79701 |
| **TD Auto Finance, LLC**<br>**c/o Stephen G. Wilcox**<br>Wilcox Law, PLLC<br>P.O. Box 11509<br>Fort Worth, TX 76110-0509 | |