No professional fees are to be paid prior to the December 21, 2015, final hearing on cash collateral usage, at which time the issue will be determined.

The relief described hereinbelow is SO ORDERED.

Signed December 21, 2015.



_____
Ronald B. King
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| ANIMAS WELL SERVICES, LLC, | § § | Case No. 15-70162-RBK |
| Debtor. | § § § § | (Chapter 11) |

**INTERIM ORDER AUTHORIZING DEBTOR'S USAGE OF CASH COLLATERAL**

CAME FOR EMERGENCY HEARING the *Debtor's Emergency Motion for Interim and Final Usage of Cash Collateral* (the "Motion"),[1] filed by Animas Well Services, LLC (the "Debtor") in the above-styled and numbered bankruptcy case (the "Bankruptcy Case").

Having considered the Motion, the arguments of counsel, and the evidence admitted at the hearing, the Court finds and concludes as follows:

---

[1] Any undefined capitalized term in this Order has the same meaning ascribed to it as in the Motion.

INTERIM ORDER AUTHORIZING DEBTOR'S USAGE OF CASH COLLATERAL – Page 1

A. On November 24, 2015, (the "Petition Date"), the Debtor filed its voluntary petition for relief with this Court under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. The Debtor is continuing in possession of its property and operating and managing its business, as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C. This Court has jurisdiction over the Bankruptcy Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion presents a core proceeding as defined in 28 U.S.C. § 157(b)(2).

D. Proper and adequate notice of the Motion and an opportunity for a hearing with respect to the Debtor's interim usage of Cash Collateral has been given and no other or further notice is necessary.

E. Any objection to the Motion with regards to the interim relief requested therein has been overruled in its entirety or is otherwise resolved by the terms of this Order.

F. The Debtor asserts it is obligated to the Lenders in the total amount of approximately $5.7 million as of the Petition Date. BaseLine alleges that, among its collateral, BaseLine has valid, perfected, unavoidable, first-priority security interests in and to "Cash Collateral," as that term is defined in section 363(a) of the Bankruptcy Code.

G. Nations similarly alleges that, among its collateral, Nations has valid, perfected, unavoidable, first-priority security interests in and to "Cash Collateral," as that term is defined in sections 363(a) of the Bankruptcy Code.

H. Without an immediate ability to use Cash Collateral, the Debtor does not have other sufficient cash and funds to carry on the operation of its business, to pay good and service

providers, and to protect its property. Absent an interim immediate use of Cash Collateral, the Debtor and its bankruptcy estate will suffer immediate and irreparable injury.

I. The provisions of this Order, and the record of the hearing on the Motion, demonstrate that the Lenders will be adequately protected for the Debtor's usage of Cash Collateral during the Interim Period (defined below) in accordance with the requirements of sections 361 and 363 of the Bankruptcy Code, without prejudice to the Lenders' rights to adequate protection, and the sufficiency of the same, for any period after the Interim Period.

J. Good cause has been shown for the entry of this Order. Among other things, entry of this Order will minimize the disruption of the Debtor's existing business, will increase the possibility for a successful reorganization of the Debtor, and is in the best interest of the Debtor, its creditors, and any other parties-in-interest.

K. The Debtor has requested immediate entry of this Order. The relief granted herein is necessary to avoid immediate and irreparable harm to the Debtor and its bankruptcy estate. This Court concludes that immediate entry of this Order is in the best interests of the Debtor's bankruptcy estate and its creditors. No determination is made by this Court as to the validity, priority, amount, allowance, extent, or avoidability of any security interest or lien of any Lender in this Order. Except as provided herein or other order by this Court, the automatic stay provided in 11 U.S.C. § 362(a) shall remain in effect.

Accordingly, based on all of the foregoing and the entire record before the Court in this Bankruptcy Case, including the record of the preliminary hearing regarding the Motion, and for good and sufficient cause; it is therefore:

**ORDERED** that the Motion is **GRANTED** on an interim basis as provided herein; it is further

**ORDERED** that a final hearing on the Motion is set before this Court in its San Antonio, Texas courtroom for Monday, December 21, 2015 at 2:00 p.m. (central time) (the "Final Hearing"); it is further

**ORDERED** that the Debtor is authorized to use Cash Collateral for the period commencing on the Petition Date through to and including the conclusion of the Final Hearing (such period, the "Interim Period"), only for the purposes referenced in, and the amounts specified by, the budget attached to this Order as Exhibit "A" (the "Interim Budget") during the Interim Period as provided in the Motion and the terms set forth herein; it is further

**ORDERED** that the Debtor will have until the end of the day on Monday, December 7, 2015 to file and serve notice of the Final Hearing and its proposed final cash collateral budget to parties-in-interest; it is further

**ORDERED** that, during the Interim Period, the Debtor may exceed the budgeted amount for any line item in the Interim Budget by no more than ten (10%) percent, unless the Lenders agree to a greater variance in writing, and the Debtor may exceed the entire budgeted amount for the Interim Period by no more than ten (10%) percent, inclusive of any "Contingency" line item, unless the Lenders agree to a greater variance in writing; it is further

**ORDERED** that, any Cash Collateral not expended during the Interim Period in the Interim Budget may not subsequently be spent by the Debtor, except for U.S. Trustee and professional fees and other items on the Interim Budget that are also accrued (*i.e.,* taxes), in which case the amounts for such items will accrue and will be available at any subsequent date, but only in the amounts accrued through that subsequent date; it is further

**ORDERED** that, notwithstanding anything herein to the contrary, the relief granted herein is without prejudice to any rights of the Texas Comptroller of Public Accounts (the

"Comptroller") to funds which do not constitute property of the estate but which qualify as trust funds. The Comptroller is not precluded from pursuing such funds by this Order. Any liens or claims granted to any of the Lenders by this Order are not valid or enforceable in relation to any liens or claims of any taxing authority nor are they valid or enforceable in relation to any funds which do not constitute property of the estate but which qualify as trust funds in which the Comptroller asserts an interest; it is further

**ORDERED** that, within five (5) business days of the entry of this Order: (a) the Debtor shall establish a "Sales Tax Escrow Account" ("Sales Tax Account") at an approved depository institution into which all sales taxes collected by the Debtor shall be deposited; (b) once the Sales Tax Account is established, Debtor will deposit all sales tax collected by it directly into the Sales Tax Account; (c) within three (3) business days of Debtor's receipt of the monthly statement for the Sales Tax Account, Debtor will provide a copy via email to counsel for the Comptroller by email to Courtney.Hull@texasattorneygeneral.gov; (d) upon one (1) week's advance written notice to Debtor's counsel, a representative of the Comptroller may inspect the books and records of Debtor for the purpose of verifying the amount of the taxes and the balance of Debtor's Sales Tax Account; and (e) Debtor shall file its sales tax returns and make payment of post-petition taxes owed to Comptroller on a timely basis as required by state law and by 28 U.S.C. §§ 959(b) and 960; it is further

**ORDERED** that the Debtor shall not pay any professional fees during the Interim Period absent formal application submitted for approval of this Court pursuant to 11 U.S.C. §§ 330, 331, Federal Rule of Bankruptcy Procedure 2016, and the Local Rules of this Court; it is further

**ORDERED** that, to the extent any Lender is subsequently determined to have a valid, perfected, and unavoidable security interest or lien in Cash Collateral, that Lender is hereby

granted, for the duration of the Interim Period and subject to the Debtor's right which it shall have to dispute or challenge any such security interest or lien (including the validity, extent, priority, or avoidance of such alleged interest or lien) at a later date, an automatically perfected, valid, and binding replacement lien, with the same priority and validity as existed prior to the Petition Date, in and to all property of the Debtor and its bankruptcy estate, to the extent of any diminution in the value of the Lender's collateral, without the need for any further document, instrument, filing, or recording; *provided, however,* that the same shall not extend to funds of the Debtor held in retainer by any of the Debtor's professionals, funds for professionals provided for in and carved out by the Interim Budget, other funds provided for in the Interim Budget (to the extent spent or accrued in compliance with this Order and the Interim Budget), or fees pursuant to 28 U.S.C. § 1930 ; it is further

**ORDERED** that, to the extent any Lender is subsequently determined to have a valid, perfected, and unavoidable security interest or lien in Cash Collateral, the Lender is hereby granted, for the duration of the Interim Period and subject to the Debtor's right which it shall have to dispute or challenge any such interest or lien (including the validity, extent, priority, or avoidance of such alleged interest or lien) at a later date, an automatic superpriority administrative claim pursuant to section 507(b) of the Bankruptcy Code to the extent there is a failure of adequate protection respecting the Debtor's usage thereof, thereby resulting in the diminution in value of that Lender's collateral; *provided, however,* that the same shall not extend to funds of the Debtor held in retainer by any of the Debtor's professionals, funds for professionals provided for in and carved out by the Interim Budget, other funds provided for in the Interim Budget (to the extent spent or accrued in compliance with this Order and the Interim

Budget), or fees pursuant to 28 U.S.C. § 1930, all of which shall not be subordinated to the aforementioned section 507(b) administrative claim; it is further

**ORDERED** that the Interim Period and the operation of this Order, may be extended or modified by agreement of the Debtor and the Lenders by a filed stipulation in the Bankruptcy Case, in which case all provisions, dictates, and protections of this Order will apply to any such extended term, which terms shall be considered within the meaning of the Interim Period as defined and applied in this Order; and it is further

**ORDERED** that the Court shall maintain jurisdiction to interpret and enforce this Order to the maximum extent possible notwithstanding any potential dismissal of the Bankruptcy Case.

# # # END OF ORDER # # #

**ANIMAS WELL SERVICES, LLC, Case No. 15-70162-RBK**
**Cash Collateral Budget**
**November 25, 2015 - December 21, 2015**

**EXHIBIT A**

| Description | CCB Amount |
|---|---|
| **Receipts:** | |
| AR Collections | $ 500,000 |
| | |
| **Expenses:** | |
| Post Petition Wages | 70,000 |
| Pre Petition Wages | 40,000 |
| Post Petition Payroll Taxes | 20,000 |
| Pre Petition Payroll Taxes | 10,000 |
| | |
| Rig Lease Payments | 12,000 |
| Rig Maintenance Permits & Fees | 35,000 |
| Equipment, Auto & Truck Lease Payments | 35,000 |
| Fuel | 30,000 |
| Yard Rent & storage | 2,000 |
| Safety, Supplies, Movers & Uniforms | 10,000 |
| Office Related Expenses | 5,000 |
| Insurance | 95,000 |
| Contingency | 20,000 |
| Sales and Use Tax | 10,000 |
| | |
| US Trustee Fees (payment due 1/16) | - |
| Professional Fees | 50,000 |
| | |
| Capital Improvements and upkeep | 10,000 |
| | |
| **Total Expenses** | 477,022 |
| | |
| **Net Cash Flow** | $ 46,000 |