IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Case No. 15-70162-RBK |
| ANIMAS WELL SERVICES, LLC, | § § | (Chapter 11) |
| Debtor. | § § § | |

**DEBTOR'S APPLICATION FOR APPROVAL OF EMPLOYMENT OF COLUMBIA CONSULTING GROUP, PLLC AS THE FINANCIAL ADVISOR FOR THE DEBTOR-IN-POSSESSION, *NUNC PRO TUNC*, AS OF THE PETITION DATE**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Animas Well Services, LLC (the "Debtor"), the debtor and debtor-in-possession in the above-styled bankruptcy case (the "Bankruptcy Case"), and files this *Debtor's Application for Approval of Employment of Columbia Consulting Group, PLLC as the Financial Advisor for the Debtor-in-Possession, Nunc Pro Tunc, as of the Petition Date* (the "Application"), respectfully stating as follows:

### I.   PROCEDURAL BACKGROUND

1.   On November 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), thereby initiating the Bankruptcy Case and creating its bankruptcy estate (the "Estate").

2. The Debtor continues to operate its businesses and to manage its Estate as a debtor-in-possession. No committee, trustee, or examiner has been appointed.

3. This Court has jurisdiction over the Bankruptcy Case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

4. The Debtor owns and operates as an oil and gas services company that specializes in contracting workover rig services to oil and gas companies in the Permian Basin. Headquartered in Midland, Texas, the Debtor began its operations in August 2005 and has approximately twenty-seven (27) employees. Currently, the Debtor owns ten (10) workover rigs, the majority of which it contracts to its customers. From its operations, the Debtor has generated substantial annual revenues of between $5 and $7 million over the last three (3) years. While the Debtor's business has operated successfully, with the Debtor being generally current on its various obligations, the recent collapse of oil prices and corresponding downturn in the overall oil and gas industry has affected the Debtor's financial performance, ultimately resulting in the bankruptcy filing.

5. The Debtor generally has positive relationships with its creditors, including Commercial State Bank ("CSB") and Nations Fund I, Inc, ("Nations"), commonly known as Nations Equipment Finance. In addition, demand for the Debtor's workover rig services among its current and prospective customer base actually exceeds the Debtor's current operational capacity. However, the Debtor lacks sufficient capital to expand its operations in order to satisfy demands, and the Debtor's primary loan obligations of approximately $4.2 million—of around

$5.7 million in total lender indebtedness—matured more than one (1) year ago. BaseLine Capital, Inc. ("BaseLine"), the Debtor's primary lender, has refused to extend the terms of the Debtor's obligations or otherwise restructure the Debtor's primary loan obligations, absent terms and conditions that would in essence cede control over Debtor's operations and management. This, combined with the current down-cycle in the oil and gas industry, forced the Debtor to seek bankruptcy protection in order to restructure its debts, reorganize its business, preserve going concerns, and maximize returns for all creditors and stakeholders.

### III. RELIEF REQUESTED

6. Pursuant to this Application and the employment agreement between the Debtor and Columbia Consulting Group, PLLC ("CCG"), a true and correct copy of which is attached hereto as Exhibit "A" and is incorporated herein for all purposes, (the "Employment Agreement") the Debtor requests authority to employ, as of the date of the Petition Date, CCG as its financial advisor to assist the Debtor with, among other things, monthly operating reports, business operations, secured financing, asset sales, the Debtor's Chapter 11 plan, disclosure statement, and forecasts. The Debtor has not previously requested authority to retain any other financial advisors in the Bankruptcy Case. Nevertheless, the Debtor reserves the right to request authority to retain other professionals if and when such need may arise given the developments in the Bankruptcy Case.

7. In support of this Application, attached hereto as Exhibit "B" is a true and correct copy of the *Declaration of Jeffrey A. Worley, CPA* (the "Declaration"), which is incorporated herein for all purposes.

A. **BASIS OF SELECTION OF CCG**

8. The Debtor has selected CCG as its financial advisor because of CCG's expertise

in bankruptcy advisory services. The employment of CCG is appropriate and necessary to enable the Debtor to execute faithfully its duties and obligations under the Bankruptcy Code and to successfully reorganize the Debtor's debts and emerge from the Bankruptcy Case. The Debtor believes that CCG and its professionals are fully qualified to perform the services necessary to enable the Debtor to fulfill such duties and obligations.

9. Moreover, CCG has substantial experience in offering financial advisory services to small and middle market companies in Chapter 11 bankruptcy at a cost-effective hourly rate. Thus, CCG is knowledgeable about the services to be provided to the Debtor in the Bankruptcy Case and is familiar with the potential operational, financial, and legal issues that may arise in the context of this Bankruptcy Case. Accordingly, CCG can economically and efficiently provide the Debtor with the necessary financial services it needs to formulate and effectuate the Chapter 11 plan and confirmation strategy.

10. CCG maintains offices at: 5117 Balmoral Lane, Flower Mound, Texas 75028, Telephone: (972) 809-6393. Jeffrey A. Worley, CPA, the managing member of CCG, is the professional who will perform the services for which CCG is being retained by the Debtor in this Bankruptcy Case.

B. SERVICES TO BE RENDERED

11. CCG's services as the Debtor's financial advisor will include, but will not be limited to, the following:

> a. assisting the Debtor with its monthly operating reports, and reviewing the necessary information and instructing the Debtor's management and counsel with respect thereto;
>
> b. assisting the Debtor with soliciting, evaluating, and potentially effectuating secured DIP/exit financing or similar relief;

    c. assisting the Debtor with evaluating and effectuating one or more sales or auctions of the Debtor's assets or assignment of one or more of its debt obligations;

    d. assisting the Debtor in connection with its initial evaluation of the business and financial impact of various operational, financial, and strategic restructuring alternatives, including analysis of the development of plans of reorganization, disclosure statement, and forecasts;

    e. evaluating and advising the Debtor's management with regards to financial aspects of a Chapter 11 plan and disclosure statement, including, without limitation, feasibility, liquidation value, and cramdown;

    f. other financial and restructuring-related services that are requested by the Debtor and are within CCG's capabilities, including expert-related work to be performed in any adversary proceeding; and

    g. providing testimony, to the extent necessary, regarding the foregoing.

12. Subject to this Court's approval of the Application, CCG is willing to serve as the Debtor's financial advisor in the Bankruptcy Case and to perform the services described above.

C. **COMPENSATION AND REIMBURSEMENT**

13. CCG has agreed to perform such services on an hourly fee basis at its customary hourly rate of $225.00 for cases of similar size and complexity as this Bankruptcy Case.

14. Jeffrey A. Worley, who will be acting as the financial advisor with CCG in performing the services for the Debtor in this Bankruptcy Case, is a Certified Public Accountant, specializing in providing financial advisory services to distressed companies and companies in bankruptcy. Mr. Worley has more than twenty-five (25) years of experience in the restructuring industry.

15. Subject to this Court's approval, the Debtor has also agreed to the reimbursement of CCG for all reasonable out-of-pocket expenses incurred by CCG while performing its services for the Debtor. These expenses include, but are not limited to, costs for long-distance telephone charges, facsimile charges, photocopying, travel, business meals, computerized research, UCC

searches, messengers, couriers, postage, filing fees, and other fees related to the performance of the services as a financial advisor. CCG will charge for all actual and necessary expenses in a manner and at rates consistent with charges made generally to CCG's other clients and consistent with the applicable Local Rules of the Court.

D.   **DISINTERESTEDNESS OF PROFESSIONALS**

16.   To the best of CCG's knowledge, except as otherwise set forth in the Declaration, the professionals with CCG: (i) do not have any material connection with the Debtor, its creditors, or any other party-in-interest or their respective attorneys and professionals; (ii) do not have any material connection with the U.S. Trustee; (iii) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (iv) do not hold or represent any interest materially adverse to the Debtor's Estate.

17.   CCG has no agreement to share compensation with any other entity, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

E.   **PRIOR PAYMENTS AND RETAINER**

18.   Prior to the Petition Date, the Debtor agreed to provide CCG with a retainer in the amount of $10,000. CCG has drawn on $10,000 of the retainer for fees and expenses incurred prior to the Petition Date, leaving a current retainer balance of $0.

## IV.   AUTHORITIES

19.   Pursuant to section 327 of the Bankruptcy Code, the Debtor, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ." 11 U.S.C. § 327(a) (2015). Except as provided in the attached Declaration, CCG is disinterested for purposes of this representation. CCG is not a creditor,

equity interest holder, insider, director, officer, or employee of the Debtor and does not hold an interest materially adverse to the Debtor's Estate. *See* 11 U.S.C. § 101(14). Therefore, CCG is disinterested for purposes of this proposed representation, and the Debtor should be permitted to retain CCG to assist the Debtor in carrying out its duties in accordance with the Bankruptcy Code. *See* 11 U.S.C. §§ 101(14) and 327(a).

V. *NUNC PRO TUNC* **RELIEF**

20. The Debtor files this Application following its final, contested cash collateral hearing on December 21, 2015 and its counsel's related travel back to Dallas, TX (the location of the office of Debtor's counsel), from San Antonio, TX (where the final cash collateral hearing took place) on December 22, 2015. In lieu of the foregoing, the holiday season, and the numerous professional tasks both related and unrelated to this Bankruptcy Case awaiting Debtor's counsel upon his return back to Dallas, TX (including, but not limited to, in this Bankruptcy Case, finalizing the Debtor's bankruptcy schedules and SOFA, which were due and filed on December 22, 2015, and completing the Debtor's initial debtor interview, which was scheduled for and took place on December 23, 2015), Debtor's counsel was unable to timely prepare, file, and serve this Application and its exhibits within the 30-day period provided in Local Rule 2014(c) (the deadline being December 24, 2015), notwithstanding Debtor's counsel's diligence. Because CCG has exhausted its prepetition retainer, the Debtor's employment of CCG prior to the final cash collateral hearing and before the entry of an interim order on cash collateral—that is, without assurance of the Debtor's use of cash collateral to compensate CCG—would have in many respects been an unproductive exercise. Not allowing CCG's employment *nunc pro tunc* as of the Petition Date, however, would unfairly prejudice CCG for the significant work it performed on the Debtor's behalf in early stages of this Bankruptcy Case

for which CCG has not yet been compensated. Accordingly, under these circumstances, the Debtor's employment of CCG *nunc pro tunc* as of the Petition Date is warranted and proper.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order: (i) authorizing its employment of CCG as the financial advisor for the Debtor and its Estate *nunc pro tunc* as of the Petition Date on the terms and conditions set forth herein and in the Employment Agreement; and (ii) providing the Debtor all such other and further relief as to which it may show itself to be justly entitled.

RESPECTFULLY SUBMITTED this 26th day of December 2015.

**ANIMAS WELL SERVICES, LLC**

By: */s/ Kenneth C. Krisa (w/ permission)*
    Name: Kenneth C. Krisa
    Title: President of Animas Well Services, LLC

**GLAST, PHILLIPS & MURRAY, P.C.**

By: */s/ Jonathan L. Howell*
    Jonathan L. Howell, PLLC
    Texas Bar No. 24053668
    jhowell@gpm-law.com
    14801 Quorum Drive, Suite 500
    Dallas, Texas 75254
    Telephone: (972) 419-8300
    Facsimile: (972) 419-8329

**PROPOSED ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on the 26th day of December 2015, he caused copies of the foregoing Application and its exhibits to be served on all parties receiving electronic notice via the Court's CM/ECF system and by U.S. first-class mail, postage prepaid, on all parties listed on the attached service list and on the following party:

Columbia Consulting Group, PLLC
Attention: Jeffrey A. Worley
5117 Balmoral Lane
Flower Mound, Texas 75028

By: */s/ Jonathan L. Howell*
      Jonathan L. Howell, PLLC