IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| Animas Well Services, LLC | § | Case No. 15-70162-rbk |
| | § | (Chapter 11) |
| Debtor | § | |

**MOTION OF BASELINE CAPITAL, INC.
FOR RECONSIDERATION, ALTERATION OR AMENDMENT OF
ORDER AUTHORIZING DEBTOR'S USAGE OF CASH COLLATERAL ON A FINAL
BASIS [DOCKET NO. 59] PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023**

TO THE HONORABLE CHIEF UNITED STATES BANKRUPTCY JUDGE

BASELINE CAPITAL, INC., ("Baseline"), file this Motion for Reconsideration, Alteration or Amendment of Order Authorizing Debtor's Usage of Cash Collateral On a Final Basis [Docket No. 59] Pursuant to Federal Rule of Bankruptcy Procedure 9023 as follows:

1) On November 24, 2015 the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2) On November 28, 2015 the Debtor filed its Emergency Motion to Use Cash Collateral.

3) The Court conducted a "first day" cash collateral hearing on December 2, 2015 and granted the Debtor the right to use cash collateral on an interim basis. The Court conducted a "final hearing" on the Emergency Motion to Use Cash Collateral on December 21, 2015. On December 30, 2015, the Court signed the Order Authorizing Debtor's Usage of Cash Collateral on a Final Basis which is docketed at number 59 (the "Final Cash Collateral Order").

{C1259667.DOC:1}

4) For purposes of the cash collateral hearing the Court determined that Baseline had a colorable interest in cash collateral without making a final determination regarding the validity, priority and extent of its security interest.

5) In order to protect Baseline against the diminution of its lien in cash collateral, the Debtor offered: a) a continuing and replacement lien in the Debtor's postpetition assets having the same validity, priority, and extent of Baseline's prepetition lien; and, b) a super-priority administrative expense claim. The Court augmented the proposed adequate protection and directed the Debtor to also pay Baseline $10,000 per month.

6) As entered, the Cash Collateral Order provides for both a continuing lien and a super-priority claim but, by its terms, both the lien and the claim exist only "for the duration of the Final Period." (see p. 4, paragraph "(g)"; p. 5, paragraph "(h)". The Final Period is the period for which cash collateral use is authorized which, under the Cash Collateral Order, ends on February 18, 2016.

{C1259667.DOC:1}

7) If the replacement lien and the super-priority claim exist only "for the duration of the Final Period" they will not, in fact, protect Baseline. The replacement lien and the super-priority claim exist to protect Baseline against diminution of cash collateral resulting from the Debtor's use of cash collateral. While the lien and priority claim admittedly would arise during the period of cash collateral use, in order to provide protection they must continue to exist subsequent to the Final Period. As currently written, were the Court to terminate or to elect not to extend the Debtor's authority to use cash collateral (presumably because the Debtor's post-petition operations were unprofitable) the replacement lien and the super-priority claim would evaporate with the termination of authorization – leaving Baseline unprotected for the "diminution" which preceded, and presumably triggered, the withdrawal of the authorization. This is an absurd result. An equally absurd result would follow if the Debtor, thumbing its nose at the Court and Baseline, were to continue thereafter and without authorization to use cash collateral.

8) The Court should strike the "for the duration of the Final Period" language from both decretal paragraphs (g) and (h). If the Court removes that language then, in fact, the Cash Collateral Order will provide for both a continuing and replacement lien, and a super-priority claim, to the extent that the Debtor's use of cash collateral results in a diminution of Baseline's secured positon in cash collateral.

9) Baseline, through counsel, raised this issue with Debtor's counsel during the post-hearing review of the order.

10) Baseline has submitted a proposed form of Order with this Motion as an attachment.

{C1259667.DOC:1}

FOR THESE REASONS, Baseline Capital, Inc., requests that the Court reconsider, alter or amend the Order Authorizing Debtor's Usage of Cash Collateral on a Final Basis to address Baseline's concerns. Baseline requests such other and further relief to which it may show itself entitled.

Dated: January 6, 2016

        BRANSCOMB PC
        711 Navarro Street, Suite 500
        San Antonio, Texas 78205
        Telephone    210-598-5400
        Telecopier    210-598-5405
        Email    pautry@branscombpc.com


BY:   /s/ Patrick H. Autry_____
       Patrick H. Autry
       State Bar No. 01447600

ATTORNEYS FOR BASELINE CAPITAL, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing Response was served by first-class mail, postage prepaid, this 6th day of January, 2016 to:

*Counsel for Debtor:*
Jonathan L. Howell
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254

And through the Court's ECF noticing system upon those having entered their appearance in this case.

        /s/ Patrick H. Autry
        Patrick H. Autry

{C1259667.DOC:1}

ATTACHMENT – PROPOSED ORDER

{C1259667.DOC:1}

{C1259667.DOC:1}