IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| In re:<br><br>ANIMAS WELL SERVICES, LLC,<br><br>   Debtor. | Case No. 15-70162-RBK<br><br>(Chapter 11) |

**DEBTOR'S MOTION FOR ORDER EXTENDING DEADLINE
FOR DEBTOR TO OBTAIN CONFIRMATION OF A PLAN
OR TO SEEK OTHER RELIEF**

TO THE HONORABLE RONALD B. KING, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW Animas Well Services, LLC (the "Debtor"), the debtor in the above-styled and numbered bankruptcy case (the "Bankruptcy Case"), and files this *Motion for Order Extending Deadline for Debtor to Obtain Confirmation of a Plan or to Seek other Relief* (the "Motion"), respectfully stating as follows:

### I.    PROCEDURAL BACKGROUND

1. On November 24, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), thereby initiating the Bankruptcy Case and creating its bankruptcy estate (the "Estate").

2. Prior to the successful sale of substantially of its assets, the Debtor continued to operate its businesses and to manage the Estate as a debtor-in-possession. No committee, trustee, or examiner was appointed.

3. This Court has jurisdiction over the Bankruptcy Case and the subject matter of this Motion pursuant to 28 U.S.C. § 157 and 1334. Consideration of this Motion is a core

proceeding under 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Case before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

4. On September 16, 2016, the United States Trustee (the "UST") filed its *Motion to Convert Case to a Case under Chapter 7* [Docket No. 256] (the "Motion to Convert").

5. On October 11, 2016, at the hearing on the Motion to Convert, counsel for the UST and the Debtor presented to the Court terms of an agreed order intended by the parties to provide an amicable resolution to the UST's Motion by delaying conversion, provided, however, certain conditions were met. The Court approved of those terms and subsequently entered that certain *Agreed Order on Motion of the United States Trustee to Convert Case to a Case under Chapter 7 and Setting Deadline* [Docket No. 277] (the "Agreed Order").

6. Among other things, the Agreed Order requires the Debtor to obtain confirmation of a plan of reorganization on or before January 9, 2017. If no plan is confirmed by that date, the UST may file a written certification of noncompliance with the Agreed Order, and the Bankruptcy Case shall thereafter convert to a liquidation proceeding under Chapter 7 of the Bankruptcy Case. Notably, however, the Agreed Order unequivocally states that the relief set forth in the Agreed Order is without prejudice to the Debtor being able to seek dismissal of the Bankruptcy Case or request additional time after January 9, 2017 if such time is a necessary or an appropriate part of ensuring either dismissal or confirmation occurs without incident.

## III. RELIEF REQUESTED

7. By this Motion, and pursuant to Federal Bankruptcy Procedure Rule 9006, the Debtor requests that this Court extend the January 9, 2017 deadline for the Debtor to liquidate and satisfy what the Debtor believes are the few unresolved claims in the Bankruptcy Case:

BaseLine's $50,000 secured claim (which will likely be subordinated or subject to agreed-upon lesser treatment), Flatiron's $37,500 secured claim (attached only to AIG's insurance premium refunds), Columbia Consulting Group, LLC's approved, unpaid professional fees, and the IRS's unresolved 503(b) claims (the sum of which the IRS contends equals $84,435.11). The Debtor believes a ninety (90) day extension to the January 9, 2017 deadline will provide the Debtor and its professionals with sufficient time to dismiss the Bankruptcy Case. Irrespective of whether the Court or the UST has a strong preference towards plan confirmation over a structured dismissal, neither are possible for the Debtor without any knowledge of the universe of allowed, unsatisfied claims and their respective priorities.

8. What's more, confirmation of a Chapter 11 plan will probably prove impossible for the Debtor where it may not only be required to satisfy all allowed unpaid administrative expenses in cash and in full once its Chapter 11 plan became effective (usually within 2-4 weeks of the confirmation hearing), but, absent one or more agreements by creditors to accept lesser treatment than what they would otherwise receive under the Bankruptcy Code, the Debtor will likely be unable to satisfy all allowed priority claims regardless of the applicable payment terms (whether in full in 2-4 weeks, or each month over 4-5 years). 11 U.S.C. § 1129(a)(9).

9. Given the facts which make up this Bankruptcy Case, however, conversion of the case from Chapter 11 to a Chapter 7 liquidation is probably the most unattractive option of the available three. This is because all of the Debtor's tangible assets have been liquidated already as a result of the sale, and converting the Bankruptcy Case to a Chapter 7 liquidation proceeding would only exacerbate the issue of whether the Estate has sufficient funds to pay existing administrative expenses and priority claims because it would add an extra layer of administrative expenses on top of those which already exist as a result of the Chapter 11, thereby increasing

competition among creditors and making the probability of full payment on existing allowed administrative expenses and priority claims even less likely.

10. Extending the deadline for ninety days after January 9, 2017 would allow the Debtor reasonable time to further determine the universe of unresolved claims and their respective amounts and priority, as well as time to propose dismissal procedures and order complicit with the Bankruptcy Code's priority distribution scheme.

## IV. PRAYER

WHEREFORE PREMISES CONSIDERED, the Debtor respectfully requests that the Court enter an order: (i) granting this Motion; (ii) extending the Agreed Order deadline for ninety days beyond the current deadline of January 9, 2017; and (iii) granting the Debtor such other and further relief to which it may show itself to be justly entitled.

RESPECTFULLY SUBMITTED this 10th day of December 2016,

**GLAST, PHILLIPS & MURRAY, P.C.**

By: /s/ *Jonathan L. Howell*
Jonathan L. Howell, PLLC
Texas Bar No. 24053668
jhowell@gpm-law.com

14801 Quorum Drive, Suite 500
Dallas, Texas 75254
Telephone: (972) 419-8300
Facsimile: (972) 419-8329

**ATTORNEYS FOR THE DEBTOR**

...

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 10th day of December 2015, he hereby caused the foregoing Motion and any exhibit and proposed order to be served on each party receiving notice through the Court's CM/ECF system and on each party listed on the attached service list by U.S. first-class mail, postage prepaid.

By:  /s/ *Jonathan L. Howell*  
       Jonathan L. Howell, PLLC